UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO ZOLLO on behalf of himself and other employees similarly situated,<br><br>    Plaintiff,<br><br> – against –<br><br>VANGUARD CONSTRUCTION AND DEVELOPMENT COMPANY, INC.,<br><br>    Defendant. | 19 CV 9477<br><br><br><br>COMPLAINT |

Plaintiff Gerardo Zollo by his attorneys, Cary Kane LLP, complains of Defendant as follows:

## NATURE OF THIS ACTION

1.  Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, §§ 190 *et seq.*, §§ 650 *et seq.* ("NYLL"). Plaintiff seeks declaratory and injunctive relief; his unpaid wages including overtime wages; penalties for notice and record-keeping violations; statutory liquidated damages; pre-judgment interest; his reasonable attorney fees and costs; and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

2.  The Court has federal subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  The Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 42 U.S.C. § 1367(a) and NYLL §§ 198, 663 because those claims form part of the same case and controversy with Plaintiff's federal claims.

1

4.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a New York domestic business corporation that maintains its principal offices in New York County.

## PARTIES

5.      Plaintiff Gerardo Zollo is an individual who resides in the County of Hudson, State of New Jersey.  At all times relevant to this action, Plaintiff was a non-exempt employee of Defendant.

6.      Defendant Vanguard Construction and Development Company, Inc. ("Vanguard") is a corporation organized under the laws of New York.  Vanguard maintains its principal office at 350 Fifth Avenue, Suite 5500, New York, New York 10118.  Vanguard is a general contractor and construction management company with dozens of commercial and other institutional construction projects throughout New York City.  According to its website, Vanguard employs 70 employees.  Vanguard was Plaintiff Zollo's employer within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190, 651 from approximately July 18, 2016 through June 7, 2019.

## FACTUAL ALLEGATIONS

7.      Plaintiff Zollo was employed by Vanguard as a laborer from on or about July 18, 2016 to on or about June 7, 2019.  He was assigned to work at various construction sites that Vanguard managed in the boroughs of New York City and, on one occasion, on Long Island.  He worked at over 20 such sites for periods of time ranging from a few days to many months.  A few of the sites where Zollo worked were on the campuses of the State University of New York, Stony Brook, and Bellevue Hospital in Manhattan, and at the Dr. Betty Shabazz Health Center in Brooklyn.

8. As a laborer, Zollo's duties consisted of general clean-up, transporting materials, running errands, and providing other assistance to skilled laborers and supervisors working at construction sites managed by Vanguard.

9. Zollo's work hours and work schedule each week varied considerably, based upon Vanguard's needs and the needs of the particular construction sites to which he was sent. He generally worked 5 or 6 days each week, between 8 and 16 hours each day; on a few occasions, he worked 19 or 20 hours in a single day. Typically, he worked between 40 and 70 hours each week. On a number of occasions, his weekly hours worked were above 80 or 90.

10. Zollo submitted his hours worked each week to Vanguard's superintendent on the construction site, who in turn emailed the hours worked for the employees at that site to Vanguard's business offices.

11. In addition, Zollo kept his own log book of the number of hours worked on each day of employment. He generally identified the site where he worked in his log book as well.

12. Upon information and belief, Zollo was paid at an hourly rate of $37.55 from July 2016 through June 2017, $37.90 from July 2017 through mid-January 2018, and $38.40 from mid-January 2018 through June 2019.

13. However, upon information and belief, Zollo did not receive required wage notices.

14. Further, with only a few rare exceptions, Zollo's weekly pay stubs did not show the rate of pay or the number of hours compensated. This information was also not reported to him in any other form.

15. Zollo was generally not paid overtime. He questioned Vanguard's payroll and human resources administrator, Grazia Rizzuto, about this on several occasions. On each occasion, she told him that Vanguard's practice was to pay straight time for all hours worked, including overtime hours.

16. When his employment at Vanguard ended, Rizzuto informed him in writing that his total hours worked since his first day with Vanguard were 6,447.

17. By comparing his log book with his pay stubs, Zollo confirmed that he did not receive an overtime premium for his overtime hours worked.

18. Through counsel, Zollo attempted to settle his overtime claim with Vanguard without resort to litigation. Vanguard asserted that it possessed defenses but declined to provide Zollo with any proof of those defenses.

19. Upon information and belief, Vanguard employs between 20 and 40 laborers and assistant superintendents who perform essentially the same work as Zollo. Upon information and belief, many of these employees work significant numbers of overtime without receiving any overtime wages.

20. Upon information and belief, Vanguard's violation of the federal and state wage and hour laws' requirement to pay an overtime premium to manual laborers was willful. Vanguard is a sophisticated business enterprise and has done business in New York City continuously since 1986. Its staff includes a chief financial officer and a number of operations supervisors and other directors.

21. Upon information and belief, Vanguard's annual revenue far exceeds $500,000.

## COLLECTIVE ACTION ALLEGATIONS

22. Upon information and belief, Vanguard currently employs between 20 and 40 laborers and/or assistant superintendents, and has employed twice or more that number during the past three years. These employees' titles and pay rates differ only by virtue of whether they are represented by a labor union or not. In all other respects, their job duties are the same as Zollo's.

23. Upon information and belief, Vanguard has failed to compensate its laborers and assistant superintendents with overtime pay required by the FLSA when they worked over 40 hours in a week.

24. Upon information and belief, Vanguard has known of and/or showed reckless disregard for whether these practices violate the FLSA.

25. Other laborers and assistant superintendents employed by Vanguard in the past three years should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide these employees with the opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

## CLASS ACTION ALLEGATIONS

26. Plaintiff repeats and re-alleges the allegations made hereinbefore

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Zollo brings this action individually and on behalf of the following class of persons ("the Class"):

> All employees who have been employed by Vanguard as laborers or assistant superintendents during the period October 9, 2013 through the end of this litigation.

28.     The individuals in the Class are so numerous that joinder of all members of the class is impracticable.  Upon information and belief, during the past six years, between 80 and 200 individuals have worked as laborers or assistant superintendents for Vanguard.

29.     Questions of law and fact common to the Class include, but are not limited to, the following:

> a.  Whether Plaintiff and all similarly situated individuals have failed to receive pay at the overtime rate of one and one half times their regular hourly pay rate for each hour worked in excess of forty hours per week as required by the NYLL.
>
> b.  Whether Defendant has maintained accurate records of these employees' work hours and pay.
>
> c.  Whether Defendant provided these employees with the wage notices required by the NYLL.
>
> d.  Whether Defendant provided these employees with the wage statements required by the NYLL.
>
> e.  Whether Defendant's actions and omissions at issue constitute willful violations of the law.  And
>
> f.  Whether members of the Class have sustained damages and, if so, the proper measure of damages.

30.     Zollo's claims are typical of the claims of the Class in that he has incurred damage due to the pay practices set forth in the factual allegations above.

31.     Zollo will fairly and adequately protect the interests of the Class.  Zollo's

interests are aligned with those of the Class, and he has no conflicts of interest with the members of the Class. In addition, Zollo is represented by qualified counsel experienced in wage and hour and class action litigation.

32. By engaging in the policies and practices set forth in the factual allegations above, Vanguard has acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate for the Court to award final injunctive, declaratory, and monetary relief with respect to the Class as a whole.

33. Questions of law or fact common to members of the Class, including but not limited to the common questions of law or fact enumerated above, predominate over any questions affecting Zollo alone, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. For these reasons, the Class should be certified under FRCP 23(b).

## AS AND FOR A FIRST CLAIM
### (Failure to Pay Overtime Wage – FLSA)

35. Plaintiff repeats and re-alleges the allegations made hereinbefore.

36. At all relevant times, Defendant failed to pay Plaintiff at the statutorily required overtime rate of time and one half his regular rate of pay for the hours he worked over 40 hours in a week, in violation of 29 U.S.C. § 207.

37. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

38. Plaintiff has suffered, is now suffering, and will continue to suffer monetary damages as a result of Defendant's acts unless and until this Court grants the relief requested herein.

**AS AND FOR A SECOND CLAIM**
**(Failure to Pay Overtime Wage – NYLL)**

39. Plaintiff repeats and re-alleges the allegations made hereinbefore.

40. At all relevant times, Defendant failed to pay Plaintiff at the statutorily required overtime rate of time and one half his regular rate of pay for the hours he worked over 40 hours in a week, in violation of NYLL § 652 and 12 NYCRR § 142-2.2.

41. Upon information and belief, Defendant had no good-faith basis to believe that its actions were in compliance with the law within the meaning of NYLL §§ 198 and 663.

42. Plaintiff has suffered, is now suffering, and will continue to suffer monetary damages as a result of Defendant's acts unless and until this Court grants the relief requested herein.

**AS AND FOR A THIRD CLAIM**
**(Failure To Provide Wage Notices – NYLL)**

43. Plaintiff repeats and re-alleges the allegations made hereinbefore.

44. Upon information and belief, Defendant failed to provide him with a wage notice as required by NYLL §§ 195(1)(a) and (2) when he was hired in July 2016 and when the terms and basis of his pay changed in or about July 2017 and January 2018, and the information required in the wage notices was not set forth on his wage statements at any time.

45. Under NYLL § 198(1-b), Plaintiff is entitled to recover from Defendant a penalty in the amount of $50 for each week that the violation occurred, not to exceed $5,000, together with costs and reasonable attorney fees.

46. NYLL § 198(2) provides that this remedy may be enforced simultaneously or consecutively with other remedies under Article 6 of the NYLL.

### AS AND FOR A FOURTH CLAIM
### (Failure To Provide Wage Statements – NYLL)

47. Plaintiff repeats and re-alleges the allegations made hereinbefore.

48. Upon information and belief, Defendant never issued wage statements to Plaintiff that were in compliance with NYLL § 195(3).

49. Under NYLL § 198(1-d), Plaintiff is entitled to recover from Defendant a penalty in the amount of $250 for each work day that the violation occurred, not to exceed $5,000, together with costs and reasonable attorney fees.

50. NYLL § 198(2) provides that this remedy may be enforced simultaneously or consecutively with other remedies under Article 6 of the NYLL.

### JURY DEMAND

51. On behalf of himself and other employees similarly situated, Plaintiff demands a trial by jury..

### PRAYER FOR RELIEF

**WHEREAS** no previous application for relief has been made for the relief requested herein, Plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA and NYLL;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and NYLL §§ 198, 663;

(c) permanently enjoining and restraining the violations alleged herein, pursuant to 29 U.S.C. § 217 and the NYLL;

   (d)  awarding Plaintiff all unpaid overtime wages due as a consequence of Defendant's violations of the FLSA and NYLL;

   (e)  awarding Plaintiff all allowable penalties for Defendant's failure to provide required wage notices in violation of the NYLL;

   (f)  awarding Plaintiff all allowable penalties for Defendant's failure to provide required wage statements in violation of the NYLL;

   (g)  awarding Plaintiff all allowable liquidated damages as provided for in 29 U.S.C. § 216(b);

   (h)  awarding Plaintiff all allowable liquidated damages as provided for in NYLL §§ 198, 663;

   (i)  awarding Plaintiff all allowable pre-judgment interest as provided for by NYLL §§ 198, 663;

   (j)  awarding Plaintiff the costs of this action together with his reasonable attorney fees, as provided in 29 U.S.C. § 216(b) and NYLL §§ 198, 663;

   (k)  awarding Plaintiff all allowable post-judgment interest as provided for by 28 U.S.C. § 1961(a); and

   (l)  granting such other and further relief to Plaintiff as this Court deems appropriate.

Dated: October 14, 2019
       New York, New York

                                      CARY KANE LLP

By: _____
     Anthony P. Consiglio
1350 Broadway, Suite 1400
New York, NY 10018
(212) 868-6300
aconsiglio@carykane.com
*Attorneys for Plaintiff Gerardo Zollo*